## No. 3450.

LOUISIANA STATE BANK *v.* HIBERNIA BANK AND GERMANIA NATIONAL BANK.

Clayton, Williams & Co. absconded after being permitted to draw from the Louisiana State Bank $5000 on the forged checks which they had deposited in said bank for collection. They had a cash balance already to their credit.

If the advance had been made to Clayton, Williams & Co. after the certification of the checks, or if the plaintiff had parted with its money in consequence thereof, there would be no doubt as to the liability of defendants. But it happens that the plaintiff paid out its money on the faith of the deposit of the forged checks, at least one hour and a half before the defendants gave the certification, or even had knowledge of the existence of the forged checks. The loss therefore was not the consequence of the certificate.

The plaintiff, holder of the forged checks, was promptly notified of the forging, as soon as discovered, and within six hours after the certification. Whether or not the plaintiff would have succeeded in capturing Clayton, Williams & Co., the forgers, and would have recovered the money, if the defendants had detected the forgery as soon as the checks were presented for certification, is not established with sufficient certainty to enable the plaintiff to recover, assuming that to be a good ground for recovering judgment, of which no opinion is expressed.

APPEAL from the Fourth District Court, parish of Orleans. *Théard, J. John McConnell, O. Roselius, William H. Hunt,* for plaintiff and appellee. *J. Ad. Rozier, Gilmore & Sons, O. B. Buddecke,* for defendants and appellants.

WYLY, J. This suit was brought to recover of the defendants $4685 40, the amount of loss sustained by the plaintiff on certain forged checks that were certified by the defendants to be good. The main ground of action is that if the defendants had detected the forgery when the checks were presented for certification, or had refused to certify them, the plaintiff would have had the party committing the forgery arrested, and would have captured the $4685 40 which the plaintiff had advanced on said forged checks.

The facts, as stated by the counsel of the plaintiff, are as follows:

On the third of December, 1870, a person representing himself as a member of the firm of Clayton, Williams & Co., occupying the store No. 49 Delta street, presented himself at the Louisiana State Bank and opened an account by depositing to the credit of his firm the sum of $815 in cash.

On the tenth of December, one week after the account was opened, the firm made two deposits of checks, the first amounting to $9857 63 and the second to $10,280 71, and during the day presented a check for $5000, which was paid by the teller, P. Helm.

Later in the same day, say at near two o'clock, a second check was presented for $10,000, which was not paid. Helm, the teller, who paid the check for $5000, explains that he did so because the checks deposited were of firms he knew to be of good financial standing, but when the check for $10,000 was presented, that he went to the cashier, Mr. Dupuy, and asked whether he should pay it; and adds: "Generally

on Saturday we did not pay checks when the deposit was made in checks. When large amounts were asked we generally asked a certified check, or that they should bring the cash money."

Mr. Dupuy, the cashier, told Williams to call on Monday, and that in the meantime he would get the checks certified, but that it was not usual to draw such large amounts on only check deposits.

The cashier, Mr. Dupuy, then gave directions to the teller to get the checks out, and have them sent to the banks severally upon which they were drawn to be certified.

At about three o'clock the runner of the bank, H. Rolling, started with the checks, and returned in about fifteen or twenty minutes and reported that the Hibernia Bank had certified the checks drawn on them; that the Merchants' Bank said the check on them was good and they would pay it next Monday morning, and that the teller of the Canal Bank said he was too busy then, but to come back in five minutes and they would certify or pay the check on them.

Being thus assured that these checks were "good," the plaintiffs were prepared, and the teller informs us would certainly have paid Clayton, Williams & Co. to the full amount of their deposit, if they had returned and demanded it.

Clayton, Williams & Co., however, did not return. They made their escape with the money already obtained by them on forged checks from plaintiff and other banks amounting to $30,000.

Within six hours after the certification of the checks the defendants discovered the forgery, and they promptly communicated the information to the plaintiff or its agents.

When Clayton, Williams & Co. were permitted to draw the $5000 on the forged checks which they deposited with plaintiff for collection, they had a cash balance already to their credit amounting to $314 60. The loss sustained by the plaintiff was therefore the amount claimed, $4685 40.

The court below gave judgment for the plaintiff, and the defendants appeal.

If the advance had been made to Clayton, Williams & Co. after the certification of the checks, or if the plaintiff had parted with its money in consequence thereof, there would be no doubt as to the liability of the defendant. But the truth is, the plaintiff paid out its money on the faith of the deposit of the forged checks at least one hour and a half before the defendants gave the certification, or even had knowledge of the existence of the forged checks.

In our opinion the plaintiff ought not to recover, because the loss of which it complains was incurred before the certification of the checks by the defendants, and not in consequence thereof.

This case is like that of McKeleroy & Bradford *v.* Southern Bank of Kentucky, 14 An. 458, and must be controlled by it. There the holder before acceptance of the forged bill, was promptly notified of the forgery as soon as it was discovered by the drawees, which was twenty-two days after acceptance and payment. Here the holder of the forged check was promptly notified of the forgery and within six hours after the certification.

Whether or not the plaintiff would have succeeded in capturing Clayton, Williams & Co., the forgers, and have recovered the money, if the defendants had detected the forgery as soon as the checks were presented for certification, is not established with sufficient legal certainty to enable the plaintiff to recover, assuming that to be a good ground for recovering judgment, of which we express no opinion.

We will remark, however, that there seems to be little merit in the complaint that the defendants' mistake in certifying the checks forged by plaintiff's own customers, Clayton, Williams & Co., deprived the plaintiff of an early opportunity to search for and capture them. The plaintiff accepted Clayton, Williams & Co. as depositors without knowing anything of them, or making any inquiry as to their standing and honesty. If the plaintiff has lost in dealing with its own customers on the faith of a deposit of uncertified forged checks, it is a misfortune; and the fact that the defendants afterwards in error certified the checks, can not avail to shift the loss from the plaintiff to them.

It is therefore ordered that the judgment be annulled, and it is now ordered that there be judgment herein for the defendants, and that plaintiff pay costs of both courts.

Rehearing refused.